|  | Judge: Christopher M. Alston |
|  | Chapter: 7 |

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE<br><br>DELTON J. BONDS AND<br>STELLA P.W. BONDS,<br>　　　　　Debtors. | Chapter 7<br><br>Case No.: 20-11244-CMA |
| DAVID HART,<br>　　　　　Plaintiff,<br>　vs.<br>DELTON JAY BONDS and STELLA P.W. BONDS,<br>　　　　　Defendants. | Adversary Proceeding No. |

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTION 727 OF THE BANKRUPTCY CODE.**

COMES NOW the plaintiff creditor David Hart, by and through his attorney Bruce O. Danielson of the Danielson Law Office and files the Complaint objecting to the debtors' discharge of their debts as alleged as follows:

ADVERSARY COMPLAINT- PAGE 1

D*ANIELSON LAW OFFICE, P.S.*
1001 4TH AVENUE, SUITE 3200
SEATTLE, WA 98154
206-652-4550
bruce@brucedanielsonlaw.com

## JURISDICTION

1. On April 24, 2020, the defendants filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Washington at Seattle.

2. As of the date of this Complaint, the debtors have not been granted a discharge.

3. This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine dischargeability of a debt is required to be filed by July 27, 2020.

4. This is an adversary proceeding in which the plaintiff-creditor is objecting to the Debtor's discharge under Bankruptcy Code §§ 727(a)(3) and 727(a)(4)(A) 6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § 727.

5. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

## PARTIES

6. Plaintiff is an individual residing and transacting business in King County, Washington.

7. Plaintiff is a creditor of the defendants.

8. Defendants are the debtors in the above-captioned case and at all relevant times has resided at in the State of Washington and currently reside at 24057 Witte Road S.E., Unit A, Maple Valley, WA 98038.

ADVERSARY COMPLAINT- PAGE 2

DANIELSON LAW OFFICE, P.S.
1001 4TH AVENUE, SUITE 3200
SEATTLE, WA 98154
206-652-4550
bruce@brucedanielsonlaw.com

Case 20-01056-CMA    Doc 1    Filed 07/27/20    Ent. 07/27/20 16:46:39    Pg. 2 of 7

## BACKGROUND FACTS

9. The defendants designed and received U.S. and foreign patents, for a modular frame building system. The patented process was sold through, or patent royalties were paid, through several companies owned in whole or in which the defendants had a controlling interest. The companies include, but not limited to, Innovative Green Building Systems, LLC. (hereinafter "IGBS") and ISSI Holdings, LLC., a Nevada LLC.

10. In 2009, the defendants claimed they were experiencing personal and business financial difficulties and difficulties marketing and selling their modular frame building systems.

11. The plaintiff was acquainted with the defendants and offered to assist the defendants with their financial and marketing difficulties.

12. On or about January of 2010, the plaintiff reached an agreement with the defendants to assist them with marketing and selling their modular frame building system and for the plaintiff to provide financial assistance to the defendants. A copy of the Memo of Understanding entered into by and between the defendants and the plaintiff is attached hereto as Exhibit "A" and incorporated herein by this reference.

13. The plaintiff paid expenses and advanced funds to the defendants pursuant to the line of credit as set forth in the Memo of Understanding. The personal and business loans, costs and expenses paid by the plaintiff on behalf of the defendants are detailed in Hart's Loans & Payments attached hereto as Exhibit "B" and incorporated herein by this reference.

ADVERSARY COMPLAINT- PAGE 3

DANIELSON LAW OFFICE, P.S.
1001 4TH AVENUE, SUITE 3200
SEATTLE, WA 98154
206-652-4550
bruce@brucedanielsonlaw.com

Case 20-01056-CMA    Doc 1    Filed 07/27/20    Ent. 07/27/20 16:46:39    Pg. 3 of 7

14. As of December 31, 2017, the defendants are obligated to the plaintiff in the principal sum of $129,119.00 for plaintiff's loans and advances to the defendants.

15. In accordance with the Memo of Understanding, the plaintiff's expenses and loans to the defendants were to be used to repay the plaintiff from the first and second funding of the defendants' projects.  Despite the defendants' funding of the first and second projects, as well as many subsequent projects, the defendants' have failed and refused to pay their outstanding and overdue obligation to the plaintiff.

16. In response to the repeated demands and requests of the plaintiff for payment, by letter dated July 31, 2019, the defendants paid $500.00 to the plaintiff pursuant to their debt obligation to the plaintiff.

17. On or about March 11, 2020, the plaintiff served the defendants with a complaint for breach of contract.

18. As of 2016 and 2017, the defendants had a number of projects in which the defendants, or one of their companies, would be paid substantial royalties.  In 2019, the defendants were working on several projects in which they would receive royalty payments.

19. ISSI Holdings possesses a 50% interest in patent No. 7,992,352 and Patent No. 8,381,484 is held by ISSI Holding.

20. The patents held by ISSI Holdings, LLC. are actively marketed and being used in the U.S. and overseas.  The patents have provided, and continue to provide, substantial royalty or income, which income is passed to the defendants via ISSI Holdings, LLC.

ADVERSARY COMPLAINT- PAGE  4

DANIELSON LAW OFFICE, P.S.
1001 4TH AVENUE, SUITE 3200
SEATTLE, WA  98154
206-652-4550
bruce@brucedanielsonlaw.com

## COUNT I

### OBJECTION TO DEBTORS' DISCHARGED UNDER SECTION 727(a)(3) OF THE UNITED STATES BANKRUPTCY CODE

21. Plaintiff reincorporates and realleges the foregoing allegations 1-20 as if fully set forth herein.

22. Bankruptcy Code 11 U.S.C. § 727(a)(3) provides in pertinent part:

(a) The court shall grant the debtor a discharge, unless—
(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

23. The debtors operate their various businesses and companies as their alter egos and used business funds for personal expenses and to hide or otherwise conceal their personal assets.

23. The debtors' operation of their various businesses, including but not limited to ISSI Holdings, LLC., concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained. By virtue of the defendants' actions as alleged herein, the defendants' discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

ADVERSARY COMPLAINT- PAGE 5

DANIELSON LAW OFFICE, P.S.
1001 4TH AVENUE, SUITE 3200
SEATTLE, WA 98154
206-652-4550
bruce@brucedanielsonlaw.com

Case 20-01056-CMA   Doc 1   Filed 07/27/20   Ent. 07/27/20 16:46:39   Pg. 5 of 7

# COUNT II

## OBJECTION TO DEBTORS' DISCHARGED UNDER SECTION 727(a)(4) OF THE UNITED STATES BANKRUPTCY CODE

24. Plaintiff reincorporates and realleges the foregoing allegations 1-23 as if fully set forth herein.

Bankruptcy Code 11 U.S.C. § 727(a)(4)(A) provides in pertinent part:

(a) The court shall grant the debtor a discharge, unless—
(4) the debtor knowingly and fraudulently, in or in connection with the case—
(A) made a false oath or account;

25. In the Voluntary Petition and their Amended Schedules, the defendants' knowingly and fraudulently as part of their petition failed to disclose the work and assets of ISSI Holdings, LLC. which company the defendants' own 54% of the company and the debtor Delton Bonds is the managing member or otherwise has access to the books and records of ISSI Holdings, LLC.

26. The debtors knowingly and fraudulently in connection with the case, made a false oath or account concerning assets and income, and failed in the Statement of Financial Affairs to provide all of the required information about the nature, names, taxpayer identification numbers, locations, and beginning and end dates of all businesses in which the defendants are or were an officer, director, partner or managing executive of a corporation, a partner, sole proprietor, or was self-employed in a trade, profession or other activity either full or part-time within six years immediately preceding the commencement of the case.

ADVERSARY COMPLAINT- PAGE 6

DANIELSON LAW OFFICE, P.S.
1001 4TH AVENUE, SUITE 3200
SEATTLE, WA 98154
206-652-4550
bruce@brucedanielsonlaw.com

27. As a consequence of the defendants' false and/or misleading representations and omissions, the debtors' discharge should be denied pursuant to the Bankruptcy Code, 11 U.S.C. § 727(a)(4)(A).

WHEREFORE, plaintiff respectfully requests that this Court enter a Judgment denying the Debtor's discharge under Bankruptcy Code §§ 727(a)(3) and 727(a)(4)(A) and granting plaintiff such other and further relief as this Court may deem just and proper.

Dated this 27th day of July 2020.          RESPECTFULLY SUBMITTED

/s/ *Bruce O. Danielson*
Bruce O. Danielson, Attorney for
Creditor David Hart
WSBA # 14018
bruce@brucedanielsonlaw.com
1001 4th Ave., Suite 3200
Seattle, WA 98154
206-652-4550

ADVERSARY COMPLAINT- PAGE 7

DANIELSON LAW OFFICE, P.S.
1001 4TH AVENUE, SUITE 3200
SEATTLE, WA 98154
206-652-4550
bruce@brucedanielsonlaw.com

Case 20-01056-CMA    Doc 1    Filed 07/27/20    Ent. 07/27/20 16:46:39    Pg. 7 of 7